UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ISAAC FISHER,
Plaintiff,
v.
JOHN P. RANKIN,
Defendant.

Case No. 26-cv-11318-JSC

**ORDER OF DISMISSAL**

**INTRODUCTION**

Plaintiff, an inmate at High Desert State Prison proceeding without representation by an attorney, filed this pro se civil rights complaint under 42 U.S.C. 1983 against the lawyer representing him in his state court criminal proceedings. For the reasons explained below, the complaint is dismissed for failure to state a claim capable of judicial determination.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by unrepresented litigants must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state

United States District Court
Northern District of California

a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges Defendant John Rankin is an attorney appointed by the Marin County Superior Court to represent him in his criminal proceedings. He claims Defendant has provided ineffective assistance in violation of Plaintiff's Sixth Amendment rights. Specifically, Plaintiff claims Defendant failed to meet with him, failed to investigate the charges or his mental health, and failed to interview witnesses. Plaintiff seeks money damages and an order directing Defendant to "cease his ineffectiveness of counsel in criminal matters and to provide criminal defendants adequate representation." (ECF No. 1 at 4.)

Attorneys do not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing lawyer's functions in state court criminal proceedings. *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) (holding court-appointed attorney not a state actor); *cf. Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding private criminal defense attorneys are not state actors). Defendant's alleged performance of traditional defense attorney functions, such as meeting with Plaintiff, investigation, and interviewing witnesses, even if deficient, does not constitute state action for which he may be held liable under 42 U.S.C. § 1983. Accordingly, Plaintiff's claim, even when liberally construed, is

not capable of judicial determination and review.[1]

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim capable of judicial determination. As amendment would be futile, leave to amend is DENIED.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 9, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

[1] Plaintiff's claims of ineffective assistance of counsel may be capable of judicial determination in challenges to the validity of his conviction on direct appeal to the California Court of Appeals and the California Supreme Court, and in a petition for a writ of habeas corpus in state or federal court.